IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ABDOULAYE MAMADOU                                                                    PLAINTIFF

V.                                                                NO. 4:16-CV-00166-DMB-JMV

HARRAH'S CASINO & HOTEL                                                           DEFENDANT

**ORDER**

This employment discrimination action is before the Court on the motion to dismiss of Abdoulaye Mamadou.  Doc. #4.

**I
Procedural History**

On July 17, 2016, Abdoulaye Mamadou filed a pro se complaint in this Court against Harrah's Casino & Hotel.  Doc. #1.  In his complaint, Mamadou alleges that Harrah's discriminated against him on the bases of his race (African American) and national origin (Mauritanian).  Mamadou also alleges retaliation and a claim for disability discrimination.

On October 24, 2016, the Clerk of the Court issued a notice of incomplete process on Harrah's.  Doc. #3.  Four days later, on October 28, 2016, Mamadou submitted a letter to the Court stating, in relevant part:  "Please allow this letter to serve as a request to withdraw the above mentioned case, which is pending regarding myself, Abdoulaye Mamadou against Harrah's Casino and Hotel. After careful consideration, this decision is in my best interest at this time." Doc. #4.

**II
Analysis**

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, a "plaintiff may dismiss an action without a court order by filing … a notice of dismissal before the opposing

party serves either an answer or a motion for summary judgment." "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). While Rule 41(a)(1)(A) refers to stipulations and notices, "once a plaintiff has moved to dismiss under Rule 41(a)(A)(i), the case is effectively terminated." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016); *Carter v. United States*, 547 F.2d 258, 258 n.2 (5th Cir. 1977) ("[W]e attribute no significance to plaintiff's styling of the document as a 'motion to dismiss' rather than a 'notice of dismissal,' the phrase used in [R]ule 41(a)(1).").

Here, the Court interprets Mamadou's request, which was made before Harrah's either answered or filed a motion for summary judgment, as a request for dismissal under Rule 41(a)(1)(A). This request effectively terminated the case. *Bechuck*, 814 F.3d at 291. Accordingly, the motion to dismiss [4] is **GRANTED** and this action is **DISMISSED without prejudice**. *See Carter*, 547 F.2d at 258 (where pro se plaintiff filed motion pursuant to Rule 41(a)(1)(A), district court should have dismissed case without prejudice).

**SO ORDERED**, this 4th day of April, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**